JS-6

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE APPLICATION OF:<br><br>FOOD DELIVERY HOLDING 12 S.A.R.L.TO ISSUE A SUBPOENA FOR THE TAKING OF A DEPOSITION AND THE PRODUCTION OF DOCUMENTS BY BARNES & THORNBURG LLP IN A FOREIGN PROCEEDING PURSUANT TO 28 U.S.C. § 1782. | Case No. 2:21-mc-0137 JFW (PVCx)<br><br>**ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE AND DISMISSING ACTION WITH PREJUDICE** |

Pursuant to 28 U.S.C. § 636, the Court has reviewed Petitioner's Application for discovery for use in a foreign proceeding pursuant to 28 U.S.C. § 1782, all the records and files herein, the Report and Recommendation of the United States Magistrate Judge, and Petitioner's Objections. After having made a *de novo* determination of the portions of the Report and Recommendation to which Objections were directed, the Court concurs with and accepts the findings and conclusions of the Magistrate Judge.

In the Objections, Petitioner argues that even if the Court were to accept the Magistrate Judge's finding that arbitrations conducted by the Dubai International Finance Centre-London Court of International Arbitration ("DIFC-LCIA") are private and not state-run, private arbitrations fall within the definition of "foreign or international tribunal" under § 1782, so long as the arbitral panel is "acting with the authority of the

State," as Petitioner contends is the case here.  Petitioner's primary authority for that position is the Fourth Circuit's decision in *Servotronics, Inc. v. Boeing Co.*, 954 F.3d 209 (4th Cir. 2020), and an order by the District Court for the District of Columbia which, in a separate but related discovery proceeding, adopted the Fourth Circuit's reasoning and authorized Petitioner to conduct discovery under § 1782 for the same arbitration at issue in this case.   (*See generally* Obj. at 2-5) (citing *In re Food Delivery Holding 12 S.A.R.L.*, D. D.C. Case No. 1:21-mc-0005 GMH, Dkt. No. 20 at 9-10 (Memorandum and Order dated May 10, 2021)).

The Court recognizes that there is divergent authority for the factors a court may consider in determining whether an arbitration is a private or state-sponsored proceeding, and a clear Circuit split over whether private arbitrations fall within the meaning of "foreign or international tribunal" under 28 U.S.C. § 1782.  *See, e.g.*, *Servotronics*, 954 F.3d at 214 (analyzing the extent of governmental regulation over private arbitrations subject to the UK Arbitration Act of 1996 and concluding that private arbitral panels in the United Kingdom qualify as tribunals under § 1782 because they act "with the authority of the State"); *In re Guo*, 965 F.3d 96, 104 (2d Cir. 2020) (affirming a "functional approach" to the determination of whether an arbitral panel is private or state-sponsored, including consideration of a "range of factors" such as "the degree to which the parties' contract controls the panel's jurisdiction," "the extent to which the arbitral body is internally directed," and the relative independence and autonomy of the arbitral body compared to its degree of state affiliation, et al.); *In re Application to Obtain Discovery for Use in Foreign Proc.*, 939 F.3d 710, 723 (6th Cir. 2019) ("[T]he meaning of 'tribunal' in § 1782(a) includes private arbitrations."); *Servotronics, Inc. v. Rolls-Royce PLC*, 975 F.3d 689, 690 (7th Cir. 2020) ("§ 1782(a) does not authorize the district court to compel discovery for use in a private foreign arbitration.").  Indeed, the Supreme Court has recently granted certiorari in an appeal of the Seventh Circuit's decision in *Servotronics* to resolve the split on the meaning of the word "tribunal" under § 1782.  *See Servotronics,*

*Inc. v. Rolls-Royce PLC*, 2021 WL 1072280 (S. Ct. Mar. 22, 2021).

The Ninth Circuit has not ruled on whether private arbitrations qualify as "foreign or international tribunals" under § 1782. In the absence of binding authority, and for the reasons stated by the Magistrate Judge in the Report and Recommendation, the Court joins the lower courts in this Circuit that have concluded that private arbitrations, such as those conducted by the DIFC-LCIA, are not "tribunals" for purposes of § 1782. Accordingly, Petitioner's Objections are OVERRULED.

IT IS ORDERED that Petitioner's Application for discovery for use in a foreign proceeding pursuant to § 1782 is DENIED.

IT IS FURTHER ORDERED that this action is DISMISSED with prejudice. Each party shall bear its own costs.

The Deputy Court Clerk is DIRECTED to serve copies of this Order on counsel for Petitioner and on counsel for Respondent.

DATED: May 17, 2021

JOHN F. WALTER
UNITED STATES DISTRICT JUDGE